## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BRIAN H. DRISKELL, | )    No. 08-40475 |
| | ) |
|                 Debtor. | ) |

### **O P I N I O N**

       The Debtor, Brian H. Driskell (Debtor), filed his petition for relief under Chapter 13 of the Bankruptcy Code on April 1, 2008. On May 28, 2008, the Debtor filed a motion to convert the case from one under Chapter 13 to one under Chapter 7, and an order granting the motion and converting the case was entered on May 29, 2008. After conversion, the Debtor filed an Amended Schedule C claiming that $1,800 in cash from his retirement annuity, which is being held by his mother, is exempt under 735 ILCS 5/12-1006.[1] The Trustee filed a written objection asserting that the Debtor is not entitled to exempt the retirement annuity because the Debtor has liquidated his annuity to cash, and cash does not meet the requirements for exemption under 735 ILCS 5/12-1006.[2]

       At the hearing, the Debtor admitted he "cashed out" his retirement fund but maintained that he is nevertheless entitled to an exemption because the funds are being held by a third party and the source of the funds was his retirement account. The Trustee responded that, because the Debtor liquidated his retirement fund, the funds no longer meet the requirement for exemption under 735 ILCS 5/12-1006 that the retirement plan comply with the Internal Revenue Code for special tax treatment.

       The Court granted the Debtor seven days to file any additional authority he wanted the Court

---

[1] In his original petition, the Debtor claimed an exemption under 735 ILCS 5/12-1006 in a retirement annuity of $6,500.

[2] The Trustee also objected to the Debtor's claim of a $15,000 homestead exemption under 735 ILCS 5/12-901 in his residence, consisting of a "3 BR house, basement, 32x48 pole barn and 12x12 portable shed, pool, pump and filter on 10 acres". Specifically, the Trustee took issue with the inclusion of the portable shed as part of the Debtor's homestead on the grounds that it is not occupied as a residence and is not permanently affixed to the real estate. At the hearing, the Debtor conceded that he was not entitled to include the portable shed in his homestead exemption.

to consider and granted the Trustee seven days to respond. Neither party filed any additional authority.

The Debtor claims the cash from the retirement annuity is exempt under 735 ILCS 5/12-1006, which provides:

> (a) A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) is a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.

735 ILCS 5/12-1006(a).[3] The statute further specifies that "retirement plan" includes, among other things, "an individual retirement annuity or individual retirement account." 735 ILCS 5/12-1006(b)(3). Thus, by its plain terms, the exemption provided in Section 5/12-1006 applies to retirement plans that comply with the requirements of the Internal Revenue Code for special tax treatment. *Schoonover v. Karr*, 285 B.R. 695, 699 (S.D.Ill.2002), *affirmed*, 331 F.3d 575 (7th Cir. 2003); *see also In re Ellis*, 274 B.R. 782, 787 (Bankr.S.D.Ill. 2002).

Despite the plain language of the statute, the Debtor asserts that the funds being held by his mother should be considered exempt because the funds came from his retirement account and are being held by a third party. He has, however, cited no authority in support of his position, and the Court has found none. It is clear that cash being held by the Debtor's mother is not being held in an account that is intended to qualify as a retirement plan under the Internal Revenue Code. Moreover, the Debtor has made no showing that he rolled the funds into another qualified plan after withdrawing them from his retirement account. *See In re Gordon*, 1996 WL 33401390 at *3 (Bankr.C.D.Ill. July 18, 1996); *see also In re Weinhoeft*, 275 F.3d 604, 606 (7th Cir. 2001) (noting

---

[3]Under the Bankruptcy Code, a debtor may choose either the federal or state exemptions unless a state chooses to "opt out" of the federal exemption scheme. *See* 11 U.S.C. § 522(b)(1). Illinois has opted out. 735 ILCS 5/12-1201. Thus, Illinois debtors must rely on the exemptions provided by Illinois law. *In re Ball*, 201 B.R. 204, 206 (Bankr.N.D.Ill. 1996).

that it is not the origin of the funds but the destination that matters, and clarifying that if exempt funds are deposited in a retirement plan covered by ERISA or state law such as 5/12-1006, such funds are exempt from creditors' claims as long as they remain in that plan but cash on hand is not shielded from creditors' claims under either § 541(c)(2), ERISA, or 5/12-1006).  Accordingly, the Court will sustain the Trustee's objection to the Debtor's claim of exemption.  A separate Order will be entered.

ENTERED: October 17, 2008

       /s/ William V. Altenberger
UNITED STATES BANKRUPTCY JUDGE